813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wyatt Victor CHAMP, Appellant,
v.
R. BOWERS, CO I, 8-4 Shift, Former Warden Wayne B.
Weinbrenner, Former Commissioner of Corrections, Jon P.
Galley, Deputy Commissioner, Elmanus Hearndon, Former Warden
of MCI-H, James P. Tinney III, and Former Assistant Warden
of MCI-H, Gene Shives, Lt. Harry Bryan, Appellees.
 No. 86-7031.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 15, 1986.
Decided Nov. 12, 1986.
 
 Before PHILLIPS, SPROUSE, and CHAPMAN, Circuit Judges.
 Wyatt Victor Champ, appellant pro se.
 Glenn W. Bell, Assistant Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 On February 20, 1984, inmate Mural Holland stabbed inmate Wyatt Champ twice during the showering of inmates on the D-1 segregation tier at the Maryland Correctional Institute in Hagerstown. The incident lasted four to five seconds, after which Champ was locked in the shower room for his protection, then taken for medical treatment.
 
 
 2
 Later that day, Champ drafted a civil rights complaint, naming Officer Bowers, the tier officer on duty at the time of the stabbing, as defendant, and asserting that Bowers violated his constitutional rights by not coming to his aid or attempting to disarm Holland during the stabbing. During the course of litigation on his complaint against Bowers, Champ discovered that inmate Holland had a history of assaultive behavior, and that various prison officials had received copies of the incident reports which followed each assault committed by Holland. Based on this information, Champ instituted suit against the commissioner and deputy commissioner of correction and against the warden and assistant warden at Hagerstown, alleging that they had failed to take adequate steps to prevent his becoming a random victim of an assault by Holland.
 
 
 3
 The district court consolidated Champ's two complaints and referred them to a magistrate. The magistrate appointed counsel to assist Champ. All parties agreed to the magistrate's exercise of jurisdiction including jurisdiction to enter judgment, 28 U.S.C. Sec. 636(c), and the case was tried to a jury impaneled before the magistrate.
 
 
 4
 Champ proceeded under two theories at trial: that all defendants except Bowers failed to take reasonable steps to protect him from a pervasive risk of harm by permitting Holland to be housed on the D-1 segregation tier; and that Bowers unreasonably failed to provide protection by not preventing Holland from obtaining a weapon and stabbing Champ. As to the first theory, Champ attempted to show that Holland, because of his assaultive history, never should have been moved off the highly restrictive security unit and onto a regular segregation tier. Champ further attempted to show that Holland's involvement in a fight with another inmate the month prior to his attack on Champ should have alerted prison officials to the risk of harm Holland was creating on the D-1 segregation tier. As to the second theory, Champ attempted to establish that Bowers should have ordered Holland to return to his cell when he observed that Holland had stopped at another inmate's cell where he presumably acquired the weapon used to stab Champ.
 
 
 5
 The magistrate granted a directed verdict for all defendants except Warden Winebrenner and Officer Bowers. Although Champ argues on appeal that former Commissioner Galley, Deputy Commissioner Hearndon, former Warden Tinney and former Assistant Warden Shives should have known of the risk Holland presented, the evidence at trial totally failed to establish a basis on which a jury could find these defendants accountable for failing to provide reasonable protection from a pervasive risk of harm. See Orpiano v. Johnson, 632 F.2d 1096 (4th Cir.1980), cert. denied, 450 U.S. 929 (1981).
 
 
 6
 The magistrate instructed the jurors that they could find Warden Winebrenner liable if they found that placement of Holland on the D-1 segregation tier created a pervasive risk of harm and that the warden knew that this placement would create such a risk yet failed to take reasonable steps to protect Champ and the other inmates on the tier. The magistrate instructed the jurors that they could find against Officer Bowers if they found that he failed to take reasonable steps necessary to protect Champ.
 
 
 7
 The jurors found in favor of both defendants. The evidence amply supports their verdict. Moreover, the Supreme Court's recent decision in Davidson v. Cannon, --- U.S. ---, 54 U.S.L.W. 4095 (Jan. 21, 1986), disposes of Champ's due process claim based on an allegation of negligent failure to protect from violence.
 
 
 8
 Champ argues on appeal that the magistrate improperly instructed the jurors that they had to find that the defendants acted with malicious intention. The magistrate's only reference to malice, however, occurred during the instructions on punitive damages. Contrary to Champ's representation, the magistrate's instruction on good faith immunity properly tracked the standards for that defense set forth in Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982).
 
 
 9
 Finally, Champ takes issue on appeal with his attorney's conduct of the trial. Not only are Champ's contentions in this regard without merit, but his disagreement with his attorney's handling of the case provides no basis for reversing the judgment in favor of defendants.
 
 
 10
 The judgment of the district court is affirmed. Finding that the availability of tapes of the trial makes review of a transcript unnecessary for resolution of the appeal, we deny Champ's request for preparation of a transcript at government expense. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 11
 AFFIRMED.